Joyce **SALZETTI** and State of Utah, by and through Office of Recovery Services, State Department of Social Services, Plaintiffs and Respondents,

v.

Corky **NICHOLS**, Defendant and Appellant.

No. 19550.

Supreme Court of Utah.

Sept. 30, 1987.

Keith H. Charia, Price, Randy Hudson, Vernal, for plaintiffs and respondents.

Phil L. Hansen, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

Corky (Mel) Nichols appeals from a jury verdict which found him to be the natural father of a child born to Joyce Salzetti. Salzetti worked for Nichols at his bar and dated him for the first several months of 1977. Salzetti testified that she had sexual intercourse with Nichols about twice monthly during this period. She alleges the pregnancy resulted from the second episode of intercourse she had with Nichols in August 1977, which she also claims was their last sexual encounter. Also during August of 1977, Salzetti testified she had sexual intercourse with her live-in "fiance," Larry Madrigal, approximately every other night. She denied having other consorts during the time conception could have occurred.

Nichols denied paternity, but did not testify at trial. Three witnesses testified that Salzetti said that Nichols was not the father. Salzetti denied telling them that.

Prior to trial, Salzetti, Nichols, the child, Madrigal and Salzetti's mother submitted to human leukocyte antigen (HLA) testing. An expert testified at trial that the HLA results showed that Nichols could not be excluded as the father but that Madrigal could be excluded. Further, the expert calculated that the HLA tests showed a 99 percent probability that Nichols is the father.

On appeal, Nichols challenges the foundation that was laid for the admission of the HLA evidence and the expert testimony based thereon. Further, he argues that the finding of paternity was against the weight of the evidence and that the trial court erred by admitting certain HLA test and blood sample documents in violation of the hearsay rule and Nichols' constitutional right of confrontation.

Today this Court has held that HLA test evidence is admissible if a proper foundation is laid. *Kofford v. Flora*, 744 P.2d 1343 (Utah 1987). In *Kofford*, we established standards and foundational requirements for the admission of such evidence. Because Salzetti admitted to having had sexual intercourse with Madrigal several more times than with Nichols during the period when conception could have occurred and because the HLA evidence excluded Madrigal but not Nichols, the HLA evidence was crucial to the jury's determination of paternity.

Upon review of the entire record, we find that the foundational requirements set by *Kofford* for the admission of the HLA evidence were not met. We therefore reverse in light of *Kofford* and remand the case for a new trial.

Because the confrontation issue that is raised on appeal may arise at trial and because that issue was not addressed in *Kofford*, we address that issue here.

Nichols' argument is that since the evidentiary foundation for the HLA test

and blood sample documents was established by the testimony of a person who was not the keeper of the records, the person who prepared the documents, or even a person who participated in the testing, he was denied his constitutional right to confrontation. Although the right to due process includes the right to cross-examine, *Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959), the right of cross-examination does not invalidate the exceptions to the hearsay rule. *See California v. Green*, 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489 (1970). Rule 803(6) of the Utah Rules of Evidence permits records of regularly conducted activity to be admitted through one who supervised their compilation. We assume but do not decide that most, if not all, of the evidence objected to is admissible under Rule 803(6) upon proof of a proper foundation.

Reversed and remanded for a new trial.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.